# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILBERT BRADLEY (#118934)**             **CIVIL ACTION**

**VERSUS**

**23-446-JWD-SDJ**

**CHAD HARDY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILBERT BRADLEY (#118934)                    CIVIL ACTION

VERSUS
                                             23-446-JWD-SDJ
CHAD HARDY, ET AL.

### AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Chad Hardy and Dejarius Dunn, complaining that his constitutional rights have been violated due the excessive use of force. Plaintiff requests monetary relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.

*Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges that on December 6, 2022, Defendant Chad Hardy was escorting Plaintiff, who was restrained, when Defendant Hardy sprayed him with a chemical agent twice. Defendant Dunn only laughed and did not intervene in the use of force. Twenty-six grams of chemical agent were used. Plaintiff's face and eyes burned for days, and his throat was injured. He was seen by medical and given medication.

### Excessive Force

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, Plaintiff has attached a copy of a disciplinary report to his Complaint. Therein, Defendant Hardy states that he was escorting Plaintiff after Plaintiff had set fire to a sheet in his cell. Plaintiff began to hesitate and then attempted to spit on Defendant Hardy's face. Defendant Hardy then administered a chemical agent and ordered Plaintiff to walk. Plaintiff began resisting, and Defendant Hardy again administered a chemical agent. Plaintiff was offered a shower and a clean jumpsuit and was seen by medical. *See* R. Doc. 1, p. 8.

While Plaintiff does state in conclusory fashion in his Complaint that there was no need for any force, he does not allege that the disciplinary report is false or deny that he was causing a disturbance and, once restrained, attempted to spit on Defendant Hardy and resisted the order to walk. The disciplinary report contradicts Plaintiff's generic allegations of excessive force and suggests that the force was not applied maliciously and sadistically for the very purpose of causing harm but rather in a good faith effort to maintain or restore discipline.

Additionally, the fact that 26 grams of chemical agent was administered does not suggest that the amount of force used was excessive. Other courts have found the use of this amount of chemical agent to not be constitutionally relevant. *See Hamilton v. Orr*, 2023 WL 2878820 (M.D. La. 3/22/23) (44 grams of chemical agent not unconstitutionally excessive) *citing Robinson v. South Carolina Dept. of Corrections*, No. 10-2593, 2012 WL 851042, at *7 (D.S.C. March 13, 2012) (31 grams of chemical agent not unconstitutionally excessive); and *Scott v. Crosby*, 19-4746, 2021 WL 3472800, at *5 (N.D. Fl. July 28, 2021) (69.5 gram use of pepper spray shows an absence of sadistic or malicious intent and is not excessive.)

## AMENDED RECOMMENDATION

It is recommended that Plaintiff be given 21 days to amend his Complaint to add additional factual allegations about the alleged use of excessive force. It is further recommended that Plaintiff's claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A if Plaintiff fails to amend.[1]

Signed in Baton Rouge, Louisiana, on August 16, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."