# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILBERT BRADLEY (#118934)**　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**23-446-JWD-SDJ**

**CHAD HARDY, ET AL.**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

　　Signed in Baton Rouge, Louisiana, on July 31, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILBERT BRADLEY (#118934)**                                    **CIVIL ACTION**

**VERSUS**

**CHAD HARDY, ET AL.**                                           **23-446-JWD-SDJ**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 9, 2023, the *pro se* Plaintiff, a person confined at Louisiana State Penitentiary, filed this proceeding pursuant to 42 U.S.C. § 1983 against Chad Hardy and Dejarius Dunn, complaining that his constitutional rights have been violated due to the use of excessive force. A review of the record reveals that Plaintiff has not served Defendant Dunn.

On August 5, 2024, Plaintiff served a subpoena upon the Department of Corrections for production of the last known address of Defendant Dunn. *See* R. Doc. 29. There is nothing in the record showing that the Department complied with the subpoena, and Plaintiff has taken no additional action in attempting to serve Defendant Dunn.

Accordingly, on May 19, 2025, the Court ordered Plaintiff to show cause why his claims should not be dismissed for failure to serve Defendant Dunn within the time allowed by Federal Rule of Civil Procedure 4(m). *See* R. Doc. 34. Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal

if requested, he may not remain silent and do nothing to request or effectuate such service. As such, Plaintiff's claims against defendant Dunn should be dismissed.

## RECOMMENDATION

It is recommended that Plaintiff's claims against Defendant Dunn be dismissed, without prejudice, for failure of Plaintiff to serve this Defendant as required by Federal Rule of Civil Procedure 4(m). It is further recommended that a judgment be entered in accordance with the Ruling (R. Doc. 24) granting a default judgment against defendant Hardy, and that this matter be closed.

Signed in Baton Rouge, Louisiana, on July 31, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**